### NEUMAN v. STEUER et al.

(Supreme Court, Appellate Term.   November 12, 1909.)

1. NUISANCE (§ 10*)—PERSONAL INJURIES—LIABILITY.

To make one liable for a personal injury caused by a nuisance which he did not create, and of the existence of which he did not have actual notice, it must appear that by reasonable care he could have discovered and abated the nuisance.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. § 41; Dec. Dig. § 10.*]

2. NUISANCE (§ 10*)—EVIDENCE—LIABILITY.

The maintenance of a cornice on a building caused water to flow on adjacent premises, creating a nuisance.   Two months after the building

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was erected, a purchaser bought it, and at the same time executed a lease thereof. The lease was canceled, and a new one made to another tenant. During the interval between the two leases, the purchaser was in possession of the premises. There was nothing to show that during that period he could discover the existence of the nuisance by reasonable care. Both leases required the tenants to make repairs. *Held* not to show that the purchaser had actual or constructive notice of the nuisance, or to show that he could have discovered it by reasonable care, and he was not liable for injury caused by the nuisance.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. § 41; Dec. Dig. § 10.*]

Appeal from City Court of New York, Trial Term.

Action by Helena Neuman against Max D. Steuer and another. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant Steuer appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Nadal, Carrere & Jones (Edwin A. Jones and Albert Van Winkle, of counsel), for appellant.

Charles P. Barker (Charles Caldwell, of counsel), for respondent.

PER CURIAM. This is an action to recover damages for personal injuries alleged to have been sustained by the plaintiff by reason of a nuisance existing on premises owned by the defendant Steuer and leased to the defendant Horowitz.

The appellant owned premises known as "No. 225–227 East Fifty-Third Street." The plaintiff was the janitress, and occupied the basement of premises known as "No. 229 East Fifty-Third Street." The premises occupied by the plaintiff adjoined, on the easterly side, the premises owned by the appellant. The appellant's building was much higher than the one in the plaintiff's charge, and had erected upon it a cornice which projected out from the roof beyond the building in which plaintiff resided. From this cornice, after every rain and snow, water flowed and fell on the stairs of the basement occupied by the plaintiff. When the temperature was low this water froze, and thereby made dangerous the use of the tenement stairway, which was plaintiff's means of ingress and egress to and from her apartment. Water had been discharged from this cornice in the manner and at the times above set forth for a period of over three years. On March 18, 1906, the plaintiff left the basement in the evening, at which time she noticed that the water which fell from the cornice as a result of a snow on March 15th had started to freeze. Upon returning the same evening, carrying a parcel in her right hand, the plaintiff took hold of the banister, slipped upon the ice which had formed, fell, and sustained the injuries complained of.

Assuming that the maintenance of the cornice, so as to cause the water to flow upon the premises occupied by the plaintiff, was a nuisance, yet we think the evidence is insufficient to charge the appellant. It is undisputed that the appellant did not create the nuisance, and it

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

is not claimed that he had actual notice of its existence. These being the facts, to establish the appellant's liability it was necessary to show that, by the exercise of reasonable care, he could have discovered and abated the nuisance. This was not shown. The defect in the cornice was not of such a character that the owner could have discovered it by the exercise of reasonable care, unless he had been upon the premises shortly after a rain or snow, and then it could have been discovered, not from an inspection of the cornice, but from the fact that water flowed therefrom. The owner purchased the premises two months after they were erected, a lease was arranged a few days prior to the purchase, and the lease was executed contemporaneously with the taking of title. This lease was canceled, and a new one made to another tenant in September, 1905. During an interval of one week between the two leases the appellant had control and possession of the premises. There is no evidence to show that during that period of time the appellant could have discovered the existence of the nuisance by the exercise of reasonable care. Under both leases the tenants were under the duty to make repairs, inside and out, and the tenants, during the period of their respective leases, had possession and control of the entire building. The building was new when purchased by the appellant, and there was nothing to indicate that it was in need of repair.

We do not think, under the facts of this case, that there was any evidence to show that the appellant had actual or constructive knowledge of the existence of the nuisance shown to have been upon his premises, or that he could have discovered the nuisance by the exercise of reasonable care, or that he omitted to exercise that degree of care.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.